NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN XING; YI ZHENG, | No. 19-71988 |
| Petitioners, | Agency Nos. A200-269-119 |
| v. | A200-269-120 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2020
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.
Concurrence by Judge BENNETT

Petitioners Xin Xing and Yi Zheng seek review of the decision of the Board

of Immigration Appeals (BIA), which affirmed the Immigration Judge's (IJ) denial

of their asylum applications on adverse credibility grounds. We have jurisdiction

under 8 U.S.C. § 1252 to review final orders of removal. We review for

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

substantial evidence "denials of asylum [and] withholding of removal." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). Factual findings, including adverse credibility determinations, will be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citations omitted). We deny the petition.

"[A]n adverse credibility determination must be made after considering 'the totality of circumstances, and all relevant factors,'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010), including, but not limited to, "the consistency between . . . written and oral statements . . . the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements," regardless whether they "go[] to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii). Because the BIA adopted the IJ's decision and provided its own analysis, the Court reviews both decisions. *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

Here, the IJ identified, and the BIA relied on, multiple inconsistencies and omissions between Petitioners' testimony, prior statements, and documentary evidence. For example, the BIA and IJ highlighted the inconsistency between the Chinese and English versions of Xing's bail receipt, versions proffered by

Petitioners. The English version lists the charge as "illegal family gathering," but the Chinese version cited anti-government Christian activities. The BIA and IJ emphasized that Xing had more than five years to correct any errors in her documents, is a college-educated woman, and had been represented by counsel throughout the proceedings. They also cited the following omissions from prior statements that were not disclosed until the IJ hearing: Xing's father's bribe of Chinese authorities, Chinese authorities' December 2017 visit to her parents, her husband's presence with her in the United States since March 2011, and Petitioners' registration of their marriage in China the same month as Xing's arrest. The BIA and IJ also cited the inconsistency in the amount of religious materials Xing was carrying at the time of her arrest. When Xing told an asylum officer in 2012 that she was arrested with "a Bible," the asylum officer asked her if she had one Bible, to which Xing replied, "Yes." However, before the IJ, she testified that she had "[a]pproximately 10."

The record does not compel the conclusion that the adverse credibility determination was erroneous. Thus, the petition for review is **DENIED**.[1]

---

[1] Petitioners have waived review of the BIA's denial of their withholding of removal and Convention Against Torture claims by failing to raise them in their Opening Brief. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003). Petitioners have also not exhausted their ineffective assistance of counsel claim, because they did not comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

*Xin Xing v. Barr*, No. 19-71988

BENNETT, Circuit Judge, concurring in the judgment:

Given the highly deferential standard of review for adverse credibility determinations, I concur in the judgment. I write separately, however, because I believe that the Board of Immigration Appeals ("BIA") and the immigration judge ("IJ") seriously erred in treating Petitioner Xin Xing's English translation of her bail receipt as a factor supporting the adverse credibility determination.

In 2011, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture based on her practice of Christianity. Her written statement attached to her application stated that, while traveling from the United States to China, she was arrested at the Chinese airport for possessing "Christian related books and Christian materials." Chinese authorities accused her of "collaborating with overseas cult forces, spreading anti-China ideas and being against the Party and the government." The Chinese police beat her, detained her for three days, and gave her little water and food. Her family bailed her out by paying 5,000 RMB, and she was forced to sign a "guarantee statement" promising that she would no longer participate in any religious activities and would report to the local police regularly. Petitioner fled to the United States after her release.

1

In 2012, Petitioner provided the immigration court with a bail receipt written in Chinese ("Bail Receipt"). Petitioner also submitted an English translation of the Bail Receipt ("English Translation"), along with a declaration from the translator. The English Translation states that Petitioner's "Charge" was for an "Illegal Family Gathering."

In 2018, during the merits hearing on Petitioner's claims, Petitioner testified that she had been arrested for possessing Christian materials, which matched her prior written statement. Her testimony and written statement, however, conflicted with the English Translation, which states that the reason for her arrest was for an "Illegal Family Gathering." Petitioner was questioned about this discrepancy. She testified that the Bail Receipt had been incorrectly translated, and that the Bail Receipt actually states, "using the name of Christianity and doing anti-government and anti-party activities."

The IJ determined that Petitioner was not credible. The IJ's very first reason for finding Petitioner not credible was the discrepancy between the English Translation and Petitioner's testimony. The IJ determined that there was no translation error and that the English Translation was an accurate translation. Based on this finding, the IJ found that the inconsistency between the English Translation and Petitioner's testimony supported that Petitioner was not credible.

On appeal to the BIA, Petitioner submitted a new English translation of the Bail Receipt ("Second English Translation"). The Second English Translation states that Petitioner was arrested for "using Christianity religion for anti-party, anti-government." Notably, the government did not argue that the Second English Translation was inaccurate. The BIA upheld the IJ's adverse credibility determination and denied relief based on the adverse credibility determination. Like the IJ, the BIA's very first reason for upholding the adverse credibility determination was the discrepancy between the English Translation and Petitioner's testimony. The BIA refused to consider the Second English Translation.

What the Bail Receipt says is not open to interpretation; it says what it says. I believe that the Second English Translation is the correct translation of the Bail Receipt, and I note that the government has never claimed otherwise. Further, Petitioner would have no possible motive to present documents that are inconsistent with her asylum application and hurt her case. Simply put, there was a translation error (similar to a clerical error) that cannot be viewed as an attempt by Petitioner to enhance her claims. Thus, the discrepancy has no bearing on Petitioner's credibility. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir. 2000) ("Since the discrepancy is capable of being attributed to a typographical or clerical error, it cannot form the basis of an adverse credibility finding. . . . If

3

discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, they have no bearing on credibility." (quotation marks, brackets, and citation omitted)).

In my view, the discrepancy was central to the IJ's and BIA's adverse credibility determination as it went to heart of Petitioner's claims—the reason she had been arrested—and was emphasized in their decisions. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). Had the IJ and BIA known that the Bail Receipt was entirely consistent with Petitioner's testimony, they might have determined that Petitioner was credible under the totality of the circumstances and granted her relief. I think it is unjust to deny relief based on an adverse credibility determination that turns on a mistake which has no bearing on a petitioner's credibility. "We must not forget that the stakes in asylum proceedings are high . . . ." *Ren v. Holder*, 648 F.3d 1079, 1084–85 (9th Cir. 2011).

Even though the IJ's and BIA's adverse credibility determination was based primarily on an improper basis, I am compelled to concur in the judgment given the deferential standard of review.